IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2009 FEB 25  PM 4: 28

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | |
|---|---|
| ABSOLUTE SOFTWARE, INC. AND ABSOLUTE SOFTWARE CORPORATION <br><br> Plaintiffs, <br><br> v. <br><br> WORLD COMPUTER SECURITY CORPORATION AND FRONT DOOR SOFTWARE CORPORATION <br><br> Defendants. | Civil Action No. <br><br> JURY TRIAL DEMANDED <br><br> A09CA 142LY |

## ORIGINAL COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

This is an action for patent and trademark infringement in which Absolute Software, Inc. and Absolute Software Corporation make the following allegations against World Computer Security Corporation and Front Door Software Corporation (collectively the "Defendants").

### I.    PARTIES

1.    Plaintiff Absolute Software, Inc. is a corporation organized under the laws of the State of Washington, and has its primary U.S. sales office at 7000 N. Mo Pac Expy., Austin, Texas 78731.

2.    Plaintiff Absolute Software Corp. is a corporation organized under the laws of the Province of British Columbia, Canada, and has a place of business at 111 Dunsmuir Street, Suite 800, Vancouver, British Columbia, Canada.

3.    Absolute Software, Inc. and Absolute Software Corporation (collectively, "Absolute Software") are pioneers in the field of software products and services for tracking and locating lost or stolen computers.  As early as in 1994, Absolute Software invented the computer tracking and recovery software category, and became the first software company in the world to offer a product and service for tracking and recovering lost or stolen computers.

4.      Upon information and belief, Defendant World Computer Security Corporation is a corporation organized under the laws of the State of Colorado, with its principal place of business at 33136 Timber Ridge Road, Evergreen, Colorado 80439.

5.      Upon information and belief, Defendant Front Door Software Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business at 33136 Timber Ridge Road, Evergreen, Colorado 80439.

6.      Upon information and belief, Defendants have transacted, and continue to transact, business within this judicial district for their gain and profit, and are subject to the jurisdiction of this Court by having directly infringed, contributorily infringed, and/or induced infringement of the subject patents and trademarks described hereinbelow, and that such infringement has taken place within the United States and the Western District of Texas.

## II.    JURISDICTION AND VENUE

7.      This is an action for willful patent infringement arising under the Patent Act of the United States, including 35 U.S.C. § 271, and for willful trademark infringement, unfair competition, and false designation of origin arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (infringement of federally registered trademark) and 1125(a)(1)(A) and (B) (unfair competition and false designation of origin).

8.      This Court has original subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.

9.      Venue is proper pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other reasons, Defendants are subject to personal jurisdiction in this judicial district, and have committed acts of infringement in this judicial district.

### III.   FACTUAL ALLEGATIONS

**A.    Absolute Software Invented the Computer Tracking and Recovery Software Category and Was Granted U.S. Patents for the Invention.**

10.    In the 1990's, Absolute Software invented methods and apparatuses for tracking, locating and recovering lost or stolen computers, and has been awarded a number of patents in the computer tracking and recovery software category.

11.    On June 12, 2001, U.S. Patent No. 6,244,758 (the "'758 Patent") was duly issued. Plaintiff Absolute Software Corporation is, and at all relevant times has been, the sole owner of the '758 Patent.  A copy of the '758 Patent is attached as **Exhibit A** hereto.

12.    On October 9, 2001, U.S. Patent No. 6,300,863 (the "'863 Patent") was duly issued.  Plaintiff Absolute Software Corporation is, and at all relevant times has been, the sole owner of the '863 Patent.  A copy of the '863 Patent is attached as **Exhibit B** hereto.

13.    On January 14, 2003, U.S. Patent No. 6,507,914 ("the '914 Patent") was duly issued.  Plaintiff Absolute Software Corporation is, and at all relevant times has been, the sole owner of the '914 Patent.  A copy of the '914 Patent is attached as **Exhibit C** hereto.

14.    Plaintiff Absolute Software, Inc. is the exclusive licensee of the '758, '863 and '914 Patents (the "Infringed Patents") and has the right to pursue all rights, remedies and/or causes of action for any infringement of the Infringed Patents.

**B.    Absolute Software Successfully Raised the Awareness of the Computer Tracking and Recovery Software Category and Its Software Products and Services.**

15.    The mark Computrace® is a federally registered trademark owned by Absolute Software.  On September 1, 1994, Plaintiff Absolute Software Corporation filed an application to register the trademark "Computrace" with the United States Patent and Trademark Office ("USPTO").  On August 5, 2007, the USPTO issued U.S. Trademark Registration No. 2,086,195 for the word mark Computrace®, for computer software for use in tracing locations of lost or stolen computers, and monitoring of computers by telephone to determine the location of lost or stolen computers.    U.S. Trademark Registration No. 2,086,195 has since acquired

incontestability status, under 15 U.S.C. § 1065.  Plaintiff Absolute Software Corporation is, and at all relevant times has been, the sole owner of U.S. Trademark Registration No. 2,086,195.  A true copy of U.S. Trademark Registration No. 2,086,195 is attached hereto as **Exhibit D**, along with true copies of examples of Absolute Software's use of the Computrace® mark, all of which are incorporated by this reference as if set forth in full herein..

16.     As a pioneer that invented the computer tracking and recovery software category, Absolute Software initially faced challenges in growing its business.  Part of Absolute Software's biggest challenge was to create an awareness of the category of software for laptop tracking and recovery and Absolute Software's Computrace® products and services.  Absolute Software spent a great deal of money, time and energy building the awareness of its Computrace® products and services through marketing, sales and advertising.  Absolute Software's efforts included: magazine ads, trade shows, radio interviews, press releases, press articles, website and Internet marketing, customer events, sales meetings and partnership efforts with PC Original Equipment Manufacturers ("OEMs").

17.     As a result of Absolute Software's strategic plans and persistent efforts, many OEMs—such as Dell, Fujitsu, Gateway, Lenovo, Hewlett-Packard and Panasonic, to name a few—partnered with Absolute Software and started incorporating Absolute Software's Computrace® security tracking technology into their laptop computers.  The inclusion of embedded support for the Computrace® technology in these laptops lent additional credibility and publicity to Absolute Software's products and generated further goodwill associated with the Computrace® mark.

18.     Since as early as November 1996, the Computrace® brand products and services have been widely used and recognized in the United States.  Through widespread and favorable public acceptance and recognition, the Computrace® mark is associated exclusively with Absolute Software for use in connection with computer software for tracking and locating lost or stolen computers and related services.  As a result of Absolute Software's marketing of its products and services and the extensive advertising and other business generation efforts under

the mark Computrace®, Absolute Software has developed substantial recognition among the consuming public for its high quality software products and services for tracking and locating lost or stolen computers under the mark Computrace® and has acquired and enjoys a valuable reputation and significant goodwill associated with its mark Computrace®.

19. In addition to "Computrace," Absolute Software holds another federally registered trademark "Laptop Retriever." On June 2, 2003, Plaintiff Absolute Software Corporation filed an application to register the trademark "Laptop Retriever" with the USPTO. On August 9, 2005, the USPTO issued U.S. Trademark Registration No. 2,983,932 for the word mark "Laptop Retriever," for (1) computer security software for use in computers to enable the monitoring of the computer's location, locating the computer if lost or stolen, and notification in the event of theft or loss of the computer; computer software instructional manuals recorded on computer disks or compact disks for computer security software for monitoring of the computer's location, locating the computer if lost or stolen, and notification in the event of theft or loss of the computer; and (2) monitoring services for locating lost or stolen computers, namely, monitoring services wherein telecommunications equipment is maintained to receive internet or telephone calls originating with computers programmed with software designed to automatically connect to or dial the monitoring services in the event of theft or loss of the computers. Plaintiff Absolute Software Corporation is, and at all relevant times has been, the sole owner of U.S. Trademark Registration No. 2,983,932. A true copy of U.S. Trademark Registration No. 2,983,932 is attached hereto as **Exhibit E**, along with true copies of examples of Absolute Software's use of the Laptop Retriever® mark, all of which are incorporated by this reference as if set forth in full herein.

C. **Defendants Infringed and Continue to Infringe Absolute Software's Patents and Trademarks.**

20. Defendants offer for sale and sell copycat software under the copycat name "The Retriever." Defendants copied Absolute Software, from its patent protected technology of tracking and locating lost or stolen computers to its U.S. registered trademark "Laptop

Retriever", even to adding a dog to "The Retriever" as in Absolute Software's "Laptop Retriever" marketing materials.

21.     On information and belief, beginning at least as early as September 2004, Defendants started using the "The Retriever" mark in connection with their software products and services in contravention of Absolute Software's rights.  True copies of Defendants' "The Retriever" promotion are attached hereto as **Exhibit F**.

22.     On information and belief, fully aware that Absolute Software owned the rights to the Infringed Patents, and the "Laptop Retriever" mark, Defendants adopted the mark "The Retriever" in connection with their copycat software.

23.     Defendants have directly infringed, contributorily infringed, and/or induced infringement of the claims of the Infringed Patents by making, using, selling and offering for sale their copycat software products called, "the Retriever," "Vista Retriever," "XP Retriever," and "Apple Retriever" (the "Infringing Retriever Products").

24.     Defendants' use of the "The Retriever" and variations thereof in their promotion and advertising constitutes the use in commerce of a colorable imitation, copy and reproduction of Absolute Software's "Laptop Retriever" trademark, service mark and trade name. Defendants' use of "The Retriever" and variations thereof for their Infringing Retriever Products is deceptively and confusingly similar to Absolute Software's "Laptop Retriever" trademark, service mark and trade name for the identical products and services.

25.     Defendants' Infringing Retriever Products are and will continue to be distributed and sold in the same channels and to the same classes of consumers as Absolute Software's products.

26.     Defendants' infringement constitutes a willful and malicious violation of Absolute Software's patent rights and trademark rights, aimed at trading on Absolute Software's patent protected technology and federally registered trademark, service mark and trade name.

27.     In addition, Defendant World Computer Security Corporation has infringed and continues to infringe Absolute Software's rights in the Computrace® mark by falsely

representing and misleading consumers and the public into believing that Defendant World Computer Security Corporation offers for sale and sells Absolute Software's Computrace®. A true copy of Defendant World Computer Security Corporation's webpage showing its unlawful use of Absolute Software's Computrace® mark is attached hereto as **Exhibit G**.

**COUNT I: PATENT INFRINGEMENT**

**UNDER 35 U.S.C. §271**

**(Against All Defendants)**

28.     Absolute Software repeats paragraphs 1-27, above, and incorporates the allegations thereof as if herein set forth in their entirety.

29.     Defendants have infringed and are currently infringing the Infringed Patents in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States, products and processes embodying the inventions claimed in the Infringed Patents. Defendants' infringing products and services include, by way of example and without limitation, "The Retriever," "Vista Retriever," "XP Retriever," and "Apple Retriever."

30.     Defendants have infringed and are currently infringing the Infringed Patents by actively inducing others to make, have made, use, sell and/or offer for sale, within the United States, products and processes embodying the invention claimed in the Infringed Patents, including, by way of example and without limitation, "The Retriever," "Vista Retriever," "XP Retriever," and "Apple Retriever."

31.     Defendants have infringed and are currently infringing the Infringed Patents by contributing to the infringement of the Infringed Patents by others.

32.     Defendants have actual knowledge of the Infringed Patents and have received notice that their activities infringe the Infringed Patents.

33.     Defendants' infringement of the Infringed Patents has been and continues to be willful and deliberate.

34.     Absolute Software has been injured and damaged, and will continue to be injured and damaged, by Defendants' infringement of the Infringed Patents. Defendants' infringement

has caused, and will continue to cause, irreparable harm to Absolute Software unless and until enjoined by this Court.

### COUNT II: INFRINGEMENT OF FEDERALLY REGISTERED "LAPTOP RETRIEVER®" MARK AND TRADE NAME UNDER 15 U.S.C. § 1114 [LANHAM ACT § 32]

#### (Against All Defendants)

35.    Absolute Software repeats paragraphs 1-34, above, and incorporates the allegations thereof as if herein set forth in their entirety.

36.    Absolute Software is the owner of valid, protectable trademark and service mark, U.S. Trademark Registration No. 2,983,932 for "Laptop Retriever."

37.    Continuously since in or about July 2003, Absolute Software has used its Laptop Retriever® mark in connection with, and to identify the source of its computer software products for tracing locations of lost or stolen computers and attendant monitoring services, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials.

38.    Defendants' use of "The Retriever" and variations thereof in connection with their sale, offer for sale, distribution, and/or advertising of computer recovery software and services constitutes an infringement of Absolute Software's Laptop Retriever® trademark, service mark and trade name and is likely to cause confusion, mistake, or deception of the public as to the identity and origin of Absolute Software's products and services.

39.    Defendants' use of "The Retriever" and variations thereof has been made notwithstanding Absolute Software's well-known and prior established rights in the Laptop Retriever® mark and with both actual and constructive notice of Absolute Software's federal registration rights under 15 U.S.C. § 1072.

40.    Defendants have intentionally used "The Retriever" and variations thereof with the intent and result of causing confusion, mistake, or deception of the public as to the identity and origin of Absolute Software' products and services.

41.     Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Absolute Software's business, reputation and goodwill associated with the Laptop Retriever® trademark, service mark and trade name.

42.     Absolute Software has no adequate remedy at law unless Defendants' infringing conduct is enjoined by this Court.

### COUNT III: INFRINGEMENT OF FEDERALLY REGISTERED COMPUTRACE® MARK AND TRADE NAME

### UNDER 15 U.S.C. § 1114 [LANHAM ACT § 32]

### (Against Defendant World Computer Security Corporation)

43.     Absolute Software repeats paragraphs 1-42, above, and incorporates the allegations thereof as if herein set forth in their entirety.

44.     Absolute Software is the owner of valid, protectable trademark and service mark, U.S. Trademark Registration No. 2,086,195 for "Computrace."

45.     Continuously since in or about November 1996, Absolute Software has used its Computrace® mark in connection with, and to identify the source of its computer software products for tracing locations of lost or stolen computers and attendant monitoring services, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials, including, without limitation, its website, www.absolute.com, and www.computrace.com, distributed throughout the United States.

46.     Defendant World Computer Security Corporation's use of the Computrace® mark in connection with its sale, offering for sale, distribution, and/or advertising of "covert security tracking software" constitutes an infringement of Absolute Software's Computrace® mark and is likely to cause confusion, mistake, or deception of the public as to the identity and origin of Absolute Software's products and services.

47.     Defendant World Computer Security Corporation's use of the Computrace® mark has been made notwithstanding Absolute Software's well-known and prior established rights in

the Computrace® mark and with both actual and constructive notice of Absolute Software's federal registration rights under 15 U.S.C. § 1072.

48.     Defendant World Computer Security Corporation has intentionally used the Computrace® mark with the intent and result of causing confusion, mistake, or deception of the public as to the identity and origin of Absolute Software' products and services.

49.     Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Absolute Software's business, reputation and goodwill associated with its Computrace® mark.

50.     Absolute Software has no adequate remedy at law unless Defendant's infringing conduct is enjoined by this Court.

**COUNT IV: UNFAIR COMPETITION**

**UNDER 15 U.S.C. § 1125(a)  [LANHAM ACT § 43(a)]**

**(Against All Defendants)**

51.     Absolute Software repeats paragraphs 1-50, above, and incorporates the allegations thereof as if herein set forth in their entirety.

52.     Defendants' use of "The Retriever" and variations thereof and "Computrace" to promote, market, or sell their computer tracking and locating software and services in direct competition with Absolute Software's Laptop Retriever® and Computrace® software products and attendant services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

53.     Defendants' use of "The Retriever" and variations thereof and "Computrace" is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection or association of Defendants with Absolute Software and as to the origin, sponsorship, or approval of Defendants' products and commercial activities by Absolute Software.

54.     Defendants' unfair competition has caused and will continue to cause irreparable injury and other damage to Absolute Software's business, reputation and goodwill in its Laptop

Retriever® and Computrace® trademarks, service marks and trade names to which Absolute Software has no adequate remedy at law.

## COUNT V: FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. § 1125(a) [LANHAM ACT § 43(a)]
### (Against All Defendants)

55.     Absolute Software repeats paragraphs 1-54, above, and incorporates the allegations thereof as if herein set forth in their entirety.

56.     Defendants' use of, Absolute Software's Laptop Retriever® and Computrace® trademarks, service marks and trade names, or a mark or name confusingly similar thereto, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Absolute Software, and/or as to the origin, sponsorship, or approval of their products, services, or commercial activities by Absolute Software.

57.     Defendants' use of, Absolute Software's Laptop Retriever® and Computrace® trademarks, service marks and trade names, or a mark or name confusingly similar thereto, comprises a false designation of origin and/or false representation of such business or products under 15 U.S.C. § 1125(a).

58.     As a direct and proximate result of the violations charged herein, Absolute Software has been injured in its business and property. Absolute Software has suffered damages in excess of the jurisdictional minimum of this Court in an amount to be proven at trial.

### DEMAND FOR JURY TRIAL

59.     Absolute Software, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Absolute Software prays for judgment as follows:

a.     That Defendants have infringed U.S. Patent Nos. 6,244,758, 6,300,863, and 6,507,914;

b.    That Defendants, and their agents, servants, officers, directors, employees, and all persons or entities acting in concert with Defendants directly or indirectly, be enjoined from infringing, contributing to the infringement and/or inducing the infringement of U.S. Patent Nos. 6,244,758, 6,300,863, and 6,507,914;

c.    That Defendants be ordered to account for and pay to Absolute Software the damages to Absolute Software arising out of their infringing activities, together with interest and costs;

d.    That the infringement by Defendants be adjudged willful and that the damages to Absolute Software be increased under 35 U.S.C. § 284 to three times the amount found or measured;

e.    That this be adjudged an exceptional case and that Absolute Software be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

f.    That Defendants and their respective agents, officers, employees, representatives, licensees, franchisees, successors, assignees, attorneys and all other persons acting for, with, by through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from using the "Laptop Retriever" and "Computrace" trademarks, service marks, and trade names, and a confusingly similar mark or name, including, without limitation, "The Retriever," "Vista Retriever," "XP Retriever," "Apple Retriever," and any other variation of "Retriever" and any colorable imitation.

g.    That Defendants be required to file with the Court and serve on Absolute Software within thirty (30) days after entry of the injunction, a declaration under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

h.    That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Absolute Software resulting from the acts alleged herein;

i.    That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Absolute Software for any and all profits derived by Defendants from their illegal acts alleged herein;

j.      That Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all labels, signs, prints, packages, receptacles, advertisement, banners, or the like in possession or custody, or under the control of, Defendants bearing the "Laptop Retriever" or "Computrace" trademark, service mark, and trade name, or a confusingly similar mark or name, including, without limitation, "The Retriever," "Vista Retriever," "XP Retriever," "Apple Retriever," or any other variation of "Retriever" or any colorable imitation;

k.      That the Court declare this action to be an exceptional case and award Absolute Software its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

l.      That the Court grant Absolute Software any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117; and

m.      That Absolute Software be awarded such other and further relief as the Court deems just and proper.

Dated:  February 24, 2009                    Respectfully submitted,

                                             By: _Marc A. Fenster_____

RUSS, AUGUST & KABAT
Marc A. Fenster (California Bar No. 181067)
E-mail: mfenster@raklaw.com
Irene Y. Lee (California Bar No. 213625)
E-mail: ilee@raklaw.com
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
Attorney-In-Charge for Plaintiffs
Absolute Software, Inc., and
Absolute Software Corporation

**OF COUNSEL:**
GUNN, LEE & CAVE, P.C.
John Cave (Texas Bar No. 00783812)
E-mail: jcave@gunn-lee.com
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 886-9500
Facsimile: (210) 886-9883
Attorney for Plaintiffs
Absolute Software, Inc., and
Absolute Software Corporation